UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MOLLY KARP, individually and on behalf of all
others similarly situated,

                     Plaintiff,

      v.

THE GAP, INC.,

                     Defendant.

C.A. No.  13-cv-11600

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1453, defendant The Gap, Inc. ("Gap") hereby removes the above-captioned civil action filed in the Superior Court of the Commonwealth of Massachusetts, Worcester County, to the United States District Court for the District of Massachusetts.  In support of this Notice of Removal, Gap states as follows:

### PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.      On or about March 27, 2013, plaintiff Molly Karp ("Plaintiff") commenced a civil action in the Superior Court of the Commonwealth of Massachusetts, Worcester County, entitled *Molly Karp v. The Gap, Inc.*, Case No. WOCV2013-00512-B, by filing a Class Action Complaint ("Complaint").

2.      On or about June 13, 2013, Plaintiff filed an Amended Class Action Complaint ("FAC") in the Superior Court of the Commonwealth of Massachusetts, Worcester County.  In the FAC, Plaintiff alleges that Gap violated M.G.L. c. 93, § 105 by asserting, *inter alia,* that [1] "The Gap has a policy of automatically requesting a customer's zip code in all credit or debit card transactions, and recording the zip code electronically in connection with the transaction", [2] the zip code "is not required for verification by the card issuer", and [3] "When Ms. Karp was

making a purchase at The Gap using a Visa credit or debit card, a Gap employee asked Ms. Karp to provide her zip code." (FAC ¶¶ 12-17.)

3.     Based on the alleged violations of M.G.L. c. 93, § 105, Plaintiff asserts three causes of action in her FAC: declaratory relief, unjust enrichment, and alleged violations of M.G.L. c. 93A. Among the types of recovery sought by Plaintiff, the FAC's Prayer for Relief requests "actual damages or minimum damages for each trebled violation;"[1] "attorney's fees and costs;" and a permanent injunction. (FAC, Prayer for Relief, ¶¶ E-H.)

4.     Gap was served with the Summons, Complaint, FAC and other documents on June 14, 2013. A true and correct copy of the Summons is attached as Exhibit A. A true and correct copy of the Complaint is attached as Exhibit B. A true and correct copy of the FAC is attached as Exhibit C. A true and correct copy of the Civil Case Cover Sheet is attached as Exhibit D. A true and correct copy of the Civil Case Cover Sheet Attachment is attached as Exhibit E. A true and correct copy of the Scheduling Order for X Track is attached as Exhibit F.

5.     The Gap is not aware of the filing of any other process or pleading.

6.     This Notice of Removal is timely because Gap filed it within thirty days of when Plaintiff served it with the summons and FAC. *See* 28 U.S.C. § 1446(b).

7.     Gap will give Plaintiff written notice as required under 28 U.S.C. § 1446(d) by serving Plaintiff, through her counsel of record, with this Notice of Removal and all documents filed in support thereof and concurrently herewith on the date of filing of this Notice of Removal.

---

[1] If Plaintiff cannot establish actual damages of more than $8.33, she will be unable to recover treble damages. *See Leardi v. Brown*, 394 Mass. 151, 162 (1985) ("In circumstances where the plaintiff is entitled to treble damages under G.L. c. 93A, and where the actual damages, when trebled, are less than $25, then the plaintiff is entitled to the statutory amount of $25, instead of $75."), *overruled on other grounds by Tyler v. Michaels Stores, Inc.*, 464 Mass. 492, 495 (2013). To the extent Plaintiff contends she can recover treble damages even if she cannot establish actual damages of more than $8.33, such contention would further support a finding that the amount put in controversy by Plaintiff's FAC exceeds $5,000,000.

## SUBJECT MATTER JURISDICTION

8.      Under CAFA, a district court shall have original jurisdiction over any civil action styled as a class action in which: (1) the number of members of the proposed plaintiff class is not less than one hundred, in the aggregate; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. §§ 1332(d)(2) & (d)(5).  If a state court putative class action meets all of these three requirements, it may be removed to federal court.  28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[.]").  This action meets each of CAFA's requirements.

### THE PROPOSED CLASS DOES NOT HAVE LESS THAN 100 MEMBERS

9.      Plaintiff seeks to certify a class defined as: "all other persons in Massachusetts . . . who, in the past four years: [¶] a) made a purchase at a Gap store in Massachusetts, using a credit and/or debit card; [¶] b) provided their zip code at the point of sale; and [¶] c) their zip code was recorded by The Gap."  (FAC ¶ 18.)

10.     As noted above, Plaintiff alleges that Gap violated M.G.L. c. 93, § 105 on the ground that [1] "The Gap has a policy of automatically requesting a customer's zip code in all credit or debit card transactions, and recording the zip code electronically in connection with the transaction".  (FAC ¶ 15.)

11.     Without conceding liability, appropriateness of class treatment, appropriateness of Plaintiff's class definition, the validity of Plaintiff's claim for relief, the appropriate method for

calculating damages (if any), or the truth of Plaintiff's allegations,[2] in the four years preceding

the filing of the Complaint there were far in excess of 100 persons who engaged in credit card

purchase transactions at Gap retail stores in Massachusetts.  (*See* Declaration of Amy Carr in

Support of Notice of Removal of Action ("Carr Decl."), ¶ 6); *see also Chavis v. Fidelity

Warranty Servs., Inc*., 415 F. Supp. 2d 620, 627 (D.S.C. 2006) (holding removal proper based

solely on allegations in complaint); *see also St. Paul Mercury,* 303 U.S. at 291 ("[T]he status of

the case as disclosed by the plaintiff's complaint is controlling. . . ."); *Ching v. Mitre Corp.,* 921

F.2d 11, 13-14 (1st Cir. 1990) (holding that federal court may read complaint literally where

specific allegations are made).[3]

12.     Accordingly, CAFA's first requirement is satisfied.   *See* 28 U.S.C.
§ 1332(d)(5)(B).

### THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

13.     Plaintiff's FAC does not plead a specific amount of damages.  As such, removal is

proper if Gap demonstrates a "reasonable probability" that the aggregate claims of the purported

class are greater than $5 million.  *Silverstein v. ING Bank, FSB*, 2012 WL 4340587, at *1 (D.

Mass. Sept. 21, 2012).

14.     "[A]t this juncture . . . plaintiffs' likelihood of success on the merits is largely

irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in

the case, not how much the plaintiffs are ultimately likely to recover."  *Manson v. GMAC*

---

[2] *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 292 (1938) ("[T]he fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim . . . will not justify remand.") (footnote omitted); *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 449 (7th Cir. 2005) (noting defendant does not concede liability by removing); *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) (noting defendant does not concede plaintiff states a claim by removing).

[3] *See also Muniz v. Pilot Travel Ctrs. LLC,* No. CIV. S-07-0325, 2007 WL 1302504, at *3-4 (E.D. Cal. May 1, 2007) (nothing that when evaluating removal under CAFA, court must assume plaintiff will prove allegations contained in complaint).

*Mortg., LLC*, 602 F. Supp. 2d 289, 293 n.6 (D. Mass. 2009) (emphasis in original; citation and quotation marks omitted).   "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.   [Citation.]   The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe."   *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (emphasis in original); *see also Brill*, 427 F.3d at 448-49 ("The demonstration concerns what the plaintiff is claiming . . ., not whether plaintiff is likely to win or be awarded everything he seeks.   That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal."), *cited with approval by Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009); *Jackson v. Am. Bankers Ins. Co. of Florida*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) ("The appropriate measure is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint.").

15.     Gap's burden of proof on removal is "not an onerous one."  *Manson*, 602 F. Supp. 2d at 294 n.9.   "[C]ourts recognize that . . . a removing defendant is *not* obligated to research, state, and prove the plaintiff's claims for damages."  *Korn*, 536 F. Supp. 2d at 1204-05 (emphasis in original; internal quotation marks removed).

16.     Where a statutory minimum recovery amount exists, courts consider it in determining whether the jurisdictional amount in controversy requirement is met.  *See Deehan v. Amerigas Partners, L.P.*, No. 08cv1009 BTM (JMA), 2008 WL 4104475, at *2 (S.D. Cal. Sept. 2, 2008) (analyzing removal of action alleging violation of statute with a penalty provision: "The minimum penalty for each offense under this section is $500.   Defendant has submitted evidence

that there are at least 14,082 members of the class.  Thus, the amount-in-controversy requirement is satisfied based on the requested [statutory] penalties alone ($500 x 14,082 = $7,041,000).").

17.    Plaintiff's third claim for relief under M.G.L. c. 93A permits recovery "in the amount of actual damages or twenty-five dollars, whichever is greater."  M.G.L. c. 93A §9(3).

18.    As stated above, Plaintiff contends Gap violated M.G.L. c. 93A by allegedly maintaining policies and practices whereby store associates allegedly requested and recorded Zip codes from *each and every* person that used a credit card to purchase items from Gap retail stores in Massachusetts, allegedly in violation of M.G.L. c. 93, § 105.  (FAC at ¶ 15 ("The Gap has a policy of automatically requesting a customer's zip code in all credit or debit card transactions, and recording the zip code electronically in connection with the transaction."); ¶ 19 ("The Gap's conduct with respect to the Plaintiff and class members was consistent with and pursuant to its uniform policy to request and record customer's zip codes for purposes of marketing.").

19.    Without conceding liability, appropriateness of class treatment, appropriateness of Plaintiff's class definition, the validity of Plaintiff's claim for relief, the appropriate method for calculating damages (if any), or the truth of Plaintiff's allegations, in the four years preceding the filing of the Complaint, there were more than 200,001 credit card purchase transactions at Gap retail stores in Massachusetts.  (Carr Decl., ¶ 6.)  Thus, because 200,001 persons multiplied by the $25 minimum stated in M.G.L. c. 93A §9(3) is greater than $5,000,000, based solely on Plaintiff's M.G.L. c. 93A count, the amount alleged by Plaintiff in the FAC to be "in controversy" in this action exceeds CAFA's $5 million requirement.

20.    A court takes into account attorneys' fees where the award of those fees is statutorily authorized.  *See Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979) ("As a general rule, attorney's fees are excludable in determining the matter in controversy because,

normally, the successful party does not collect his attorney's fees in addition to or as part of the judgment.  [Citation.]  There are, however, two logical exceptions to this rule: one, where the fees are provided for by contract, and, two, where a statute mandates or allows the payment of such fees.") (footnote omitted); *see also Tompkins v. Basic Research LL*, No. CIV. S-08-244 LKK/DAD, 2008 WL 1808316, *4 (E.D. Cal. Apr. 22, 2008) (including 25% of the common fund for attorneys' fees when calculating amount in controversy).

21.     Here, Plaintiff also contends she is entitled to "attorney's fees. . . ."  (FAC, Prayer for Relief, ¶ F); *see* M.G.L. c. 93A, § 9(4).

22.     Without conceding liability, appropriateness of class treatment, appropriateness of Plaintiff's class definition, the validity of Plaintiff's claim for relief, the appropriate method for calculating damages (if any), or the truth of Plaintiff's allegations, Plaintiff's request for attorneys' fees further takes the amount in controversy far beyond the statutory threshold.  *See* 28 U.S.C. § 1332(d)(2).

### THE PARTIES ARE CITIZENS OF DIFFERENT STATES

23.     Plaintiff alleges she is a resident of Middlesex County, Massachusetts.  (FAC ¶¶ 8, 14.)

24.     Gap is a Delaware corporation, and its principal place of business is in California. (Carr Decl., ¶¶ 3-4; *see also* FAC, ¶ 9.)  Gap's executive officers and senior management team and most of its corporate officers work out of the California headquarters and executive offices. (*Id*. at ¶ 4.)  Its corporate policies and procedures are primarily set by its officers at the California offices, meetings of its board of directors are typically held in California, and most of its corporate records are maintained at its California offices.  (*Id*.)  Accordingly, Gap is a citizen of California for purposes of diversity.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010)

(holding that a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities" and "it should normally be the place where the corporation maintains its headquarters"); *Hallal v. Vicis Capital Master Fund LTD*, No. 12-10166-NMG, 2013 U.S. Dist. LEXIS 39449, at *17 n.8 (D. Mass. Feb. 25, 2013) ("A corporation's 'principal place of business' refers 'to the place where a corporation's officers direct, control, and coordinate the corporation's activities'" which is "'normally be the place where the corporation maintains its headquarters'") (quoting *Hertz*, 559 U.S. at 92-93).

25.     Plaintiff and nearly all purported putative class members are citizens of Massachusetts and not citizens of California, where Gap is a citizen.   (FAC ¶¶ 8-9, 18.) Consequently, minimum diversity is satisfied under 28 U.S.C. § 1332(d)(2)(A).

## VENUE IS PROPER

26.     Removal to this judicial district and division is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because the state court action was originally pending in this judicial district— namely, the Superior Court of the Commonwealth of Massachusetts, Worcester County.  *See also* 28 U.S.C. § 101 (no statutorily defined judicial divisions in Massachusetts).

**NOTICE TO WORCESTER COUNTY SUPERIOR COURT**

27.     Contemporaneously with the filing of this Notice of Removal, Gap is filing a true and correct copy of this Notice of Removal and all documents filed in support thereof and concurrently therewith with the clerk of the Superior Court of the Commonwealth of Massachusetts, Worcester County, under 28 U.S.C. § 1446(d).

July 3, 2013                                           Respectfully submitted,


*/s/ Robert B. Lovett*
Robert B. Lovett (BBO #561691)
  *rlovett@cooley.com*
COOLEY LLP
500 Boylston Street
Boston, MA  02116-3736
Tel.:  (617) 937-2300
Fax:  (617) 937-2400

Michelle C. Doolin (*pro hac vice forthcoming*)
  *mdoolin@cooley.com*
COOLEY LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Tel.:  (858) 550-6000
Fax:  (858) 550-6420

*COUNSEL FOR DEFENDANT THE GAP, INC.*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 3rd day of July, 2013, the foregoing Notice of

Removal was served on counsel for Plaintiff via electronic mail and by First Class Mail at:

Elizabeth Ryan
*eryan@baileyglasser.com*
John Roddy
*jroddy@baileyglasser.com*
BAILEY & GLASSER LLP
125 Summer Street, Suite 1030
Boston, MA  02110
Tel.:  (617) 439-6730
Fax:  (617) 951-3954


    */s/ Robert B. Lovett*
Robert B. Lovett (BBO #561691)
 *rlovett@cooley.com*
COOLEY LLP
500 Boylston Street
Boston, MA  02116-3736
Tel.:  (617) 937-2300
Fax:  (617) 937-2400