**EXHIBIT B**

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss

SUPERIOR COURT
DEPT OF THE TRIAL COURT
C.A. No.

Molly Karp, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

The Gap, Inc.

      Defendant.

**Jury Trial Demanded**

## Class Action Complaint

1. Plaintiff, Molly Karp, brings this Class Action Complaint against The Gap, Inc., on her own behalf and that of all others similarly situated, seeking declaratory, injunctive and monetary relief to remedy The Gap's unlawful recording and use of its customers' personal identification information when they make purchases using a credit card in its stores.

2. Massachusetts law prohibits businesses that accept credit cards from requesting and recording a customer's personal identification information that is not required by the credit card issuer. M.G.L. c. 93, § 105(a). By statute, personal identification information includes but is not limited to the customer's address and telephone number. *Id.* Credit card issuers do not require that The Gap obtain customers' zip codes.

3. In its Massachusetts stores, The Gap requests customers' zip codes when they

make a purchase using a credit card. It records the zip codes on its electronic transaction forms.

4. The Gap requests this information for the purpose of obtaining its customers' addresses through the use of third party data services, then compiling mailing lists which it then uses for its own direct marketing, or it sells to other businesses for their direct marketing purposes. It does so without obtaining its customers' consent.

5. The Gap's actions violate M.G.L. c. 93, § 105(a), and the privacy rights of its customers.

### Jurisdiction

6. This Court has jurisdiction over this class action pursuant to M.G.L. c. 214, §§ 1, 5; c. 212, § 3, and c. 231A, § 1.

7. Venue lies in this county because the Defendant does business in the county and has at least one store in the county.

### Parties

8. Plaintiff Molly Karp is a Massachusetts resident and resides in Natick, Middlesex County.

9. Defendant The Gap, Inc. is a California corporation with its principal place of business at 875 Mahler Road, Burlingame, California 94010. The Gap does business throughout Massachusetts, and in this county.

### Applicable Law

10. M.G.L. c. 93, § 105 provides, in relevant part:

(a) No person, firm, partnership, corporation or other business entity that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form. Personal identification information shall include, but shall not be limited to, a credit card holder's address or telephone number.

11. A zip code is personal identification information. Entering a zip code on an electronic form constitutes writing the zip code for purposes of the statute. *Tyler v. Michaels Stores*, 464 Mass. 492 (2013).

### Facts

12. Over the past four years, Ms. Karp has shopped at The Gap more than ten times, primarily at The Gap store located in Wellesley, Massachusetts, to purchase clothes for herself.

13. When Ms. Karp was making a purchase at The Gap using a Visa credit or debit card, a Gap employee asked Ms. Karp to provide her zip code. She was not informed that her zip code was being requested for marketing purposes. She provided it believing that it was required to complete her transaction.

14. Ms. Karp subsequently received unsolicited and unwanted direct marketing material at her home.

15. The Gap has a policy of automatically requesting a customer's zip code in all credit transactions, and recording the zip code electronically in connection with the transaction. This information is not required for verification by the card issuer.

16. The Gap has a policy of using its customers' zip codes, and information obtained from third party databases, to send marketing materials to customers. The Gap also has a policy of sharing this information with other Gap brands, and other companies.

17. The Gap's policies harm Massachusetts consumers by subjecting them to unwanted junk mail, and other marketing without their consent.

### Class Allegations

18. Ms. Karp brings this action on behalf of herself and all other persons in Massachusetts who, in the past four years:

    a)     made a purchase at a Gap store in Massachusetts, using a credit card;

    b)     provided their zip code at the point of sale; and

    c)     their zip code was recorded by The Gap.

19. The Gap's conduct with respect to the Plaintiff and class members was consistent with and pursuant to its uniform policy to request and record customer's zip codes for purposes of marketing.

20. The members of the class are so numerous that joinder of all members is impracticable. The Gap has 45 stores in Massachusetts.

21. Plaintiff's claims are typical of the claims of the class members because, like Plaintiff, each class member provided the Gap with his or her zip code when making a purchase by credit card.

22. Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel competent and experienced in class action litigation.

23. Common questions of law and fact exist as to all class members and predominate over any questions solely affecting individual class members. Among the questions of law and fact common to the class are:

a) whether The Gap has a policy of requesting and recording personal identification information from its customers who use a credit card;

b) whether the requested information is required by the credit card issuer;

c) whether The Gap uses customers' personal information for marketing purposes;

d) whether The Gap's policy violates M.G.L. c. 93, § 105;

e) whether the class is entitled to declaratory relief;

f) whether The Gap's use of its customers' personal identification information constitutes unjust enrichment;

g) whether The Gap's actions harm its customers;

4

h) the appropriate measure of damages.

24. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Furthermore, while the damages that have been suffered by, and that will continue to be suffered by, individual class members are not insignificant, the expense and burden of individual litigation would make it impossible for class members to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action. The class members can be identified from The Gap's business records.

25. The prosecution of separate actions against The Gap would create a risk of inconsistent or varying adjudications with respect to the individual class members, which would establish incompatible standards of conduct for The Gap. In addition, adjudications with respect to individual class members could as a practical matter be dispositive of the interests of the other class members not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

## Count I
## Declaratory Relief

26. Pursuant to M.G.L. c. 231A, § 1, Ms. Karp and class members seek a declaration that The Gap's conduct described above violates M.G.L. c. 93, § 105, as above.

## Count II
## Unjust Enrichment

27. The Gap has benefited unjustly by collecting and recording its customers' personal identification information, and using it for marketing purposes or to sell to other businesses without their consent.

28. As a direct and proximate result of The Gap's collection and recordation and use of customers' personal identification information, Plaintiff and class members have suffered damages in an amount to be proven at trial.

## Prayer For Relief

WHEREFORE, Plaintiff prays for relief as follows:

A. An order allowing this action to proceed as a class action under Mass. R. Civ. P. 23;

B. Determining that The Gap's conduct violated M.G.L. c. 93, § 105, and the privacy rights of its customers;

C. Determining that The Gap's conduct constitutes unjust enrichment;

D. Awarding Plaintiff and the class damages in an amount to be proven at trial;

D. Entering a permanent injunction enjoining The Gap from requesting and recording any personal identification information from customers using a credit card, unless such information is required by the card issuer;

G. For such other and further relief as the Court may deem just and proper.

## Demand For Jury Trial

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

John Roddy (BBO No. 424240)
Elizabeth Ryan (BBO No. 549632)
Bailey & Glasser LLP
125 Summer Street, Suite 1030
Boston, MA 02110
(617) 439-6730 (phone)
(617) 951-3954 (fax)